UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

PAMELA SUE DESIR,                        )
                                         )
                    Appellant,           )
                                         )
            v.                           )        No. 1:25-cv-00765-JRS-MG
                                         )
LOANDEPOT.COM, LLC,                      )
U.S. BANK TRUST NATIONAL                 )
ASSOCIATION AS OWNER TRUSTEE             )
FOR RCAF ACQUISITION TRUST,              )
                                         )
                    Appellees.           )

**Order Dismissing Appeal**

Appellant Pamela Sue Desir, proceeding *pro se*, appeals from several orders issued

by the bankruptcy court in her now-dismissed Chapter 13 bankruptcy case. *See*

Cause Nos. 1:25-cv-481-JRS-MG, 1:25-cv-482-JRS-MKK; 1:25-cv-764-JRS-CSW;

1:25-cv-828-JRS-TAB. Here, Desir appeals from the bankruptcy court's order

denying Desir's motion to stay the bankruptcy proceedings pending two appeals

related to Appellees' relief from the automatic stay. (Notice Appeal, ECF No. 1.) For

the following reasons, Desir's appeal is **dismissed as moot**.

**I.     Background**

Desir, proceeding *pro se* before the bankruptcy court, filed a voluntary petition for

Chapter 13 bankruptcy in September 2024. (Pet., ECF No. 11-2 at 1–10.) Appellees

LoanDepot.com, LLC ("LoanDepot") and U.S. Bank[1] each identified their secured

---

[1] The original Appellee in this case was Select Portfolio Servicing, Inc., ("SPS"). SPS
was later substituted for U.S. Bank National Trust Association, as owner trustee for

claims relating to mortgages on two of Desir's real properties.  (LoanDepot's Mot. Relief Stay, ECF No. 11-2 at 88; U.S. Bank's Mot. Relief Stay, ECF No. 11-3 at 33.) Desir objected to both claims.  (*See* Docket 8, 13, ECF No. 11.)  Both LoanDepot and U.S. Bank sought relief from the automatic stay of collection actions against Desir to foreclose on their respective real properties because Desir failed to pay them any required mortgage payment since filing her bankruptcy petition.  (LoanDepot's Mot. Relief Stay, ECF No. 11-2 at 88–89; U.S. Bank's Mot. Relief Stay, ECF No. 11-3 at 33–34.)  Desir objected to both motions.  (Docket 8, ECF No. 11.)  The bankruptcy court held a hearing on January 28, 2025, to address, among other issues, the motions for relief from the automatic stay.  (*Id.* at 10–11.)  The bankruptcy court explained that Desir was required to make mortgage payments and ordered her to do so by February 10, 2025.  (*Id.* at 11 (docket entries 124–25)).  The bankruptcy court warned Desir that if she failed to do so, the court would likely grant the motions for relief from the automatic stay.  (*Id.*)  The bankruptcy court set a hearing for February 11, 2025, to determine whether Desir paid LoanDepot and U.S. Bank as required.  (*Id.*)

Also on January 28, 2025, the bankruptcy trustee ("Trustee") moved to dismiss Desir's bankruptcy case because Desir failed to make required monthly payments to the Trustee.  (Trustee's Mot. Dismiss, ECF No. 11-4 at 11–12.)  The motion to dismiss included a notice of objection deadline, which provided that "any objection to this motion must be filed with the [Bankruptcy] Court within twenty-one (21) days." (*Id.*

RCAF Acquisition Trust, ("U.S. Bank").  (*See* Order, ECF No. 22.)  The Court will refer to SPS as U.S. Bank throughout this Order.

at 11.)  The notice further stated that "[i]f no objection is timely filed, an order may be entered by the [Bankruptcy] Court for the relief requested."  (*Id.*)

On February 11, 2025, the bankruptcy court held another hearing to determine whether Desir paid LoanDepot and U.S. Bank as ordered.  (Docket 13, ECF No. 11.) She had not.  (*See id.* (granting motions for relief from automatic stay)).  The bankruptcy court stated that it would not determine the validity of LoanDepot and U.S. Bank's claim and advised Desir to litigate validity in the state court foreclosure proceedings.  (*Id.*)  Since Desir had not paid LoanDepot and U.S. Bank as ordered, the bankruptcy court lifted the stay and allowed them to foreclose on the respective real properties.  (*Id.*)  The bankruptcy court issued its rulings by separate order. (Order Granting LoanDepot's Mot. Relief Stay, ECF No. 11-4 at 33–34; Order Granting U.S. Bank's Mot. Relief Stay, ECF No. 11-4 at 35–37.)

Desir timely filed motions for reconsideration of the bankruptcy court's orders granting the motions for relief from the automatic stay.  (Docket 15; ECF No. 11.) The bankruptcy court denied Desir's motions for reconsideration.  (Order Denying Mot. Recons. LoanDepot, ECF No. 11-4 at 38–41; Order Denying Mot. Recons. U.S. Bank, ECF No. 11-4 at 42–45.)  The bankruptcy court clarified that "stay relief is a distinct issue from whether [LoanDepot and U.S. Bank] [each] hold[] a valid claim," and Desir may raise her validity concerns in state court.  (*See, e.g.*, Order Denying Mot. Recons. LoanDepot, ECF No. 11-4 at 39.)

Desir appealed the bankruptcy court's orders granting LoanDepot and U.S. Bank relief from the automatic stay and denying Desir's motions for reconsideration of the

same.  *See* Cause Nos. 1:25-cv-481-JRS-MG, 1:25-cv-482-JRS-MKK.  She filed a motion to stay bankruptcy proceedings—including enforcement actions concerning the properties upon which LoanDepot and U.S. Bank were permitted seek foreclosure—pending appeal from those orders to this Court.  (Mot. Stay Pending Appeal, ECF No. 11-4 at 78–80.)  The bankruptcy court denied Desir's motion to stay proceedings pending appeal.  (Order Denying Mot. Stay Pending Appeal, ECF No. 11-4 at 82–86.)  The bankruptcy court, applying the preliminary injunction standard to Desir's motion, determined that Desir was unlikely to succeed on the merits of her pending appeals and that granting Desir's motion would subject her creditors to harm.  (*Id.*)  Desir appeals from the bankruptcy court's order denying her motion to stay proceedings here.

In the meantime, Desir failed to object or otherwise respond to the Trustee's Motion to Dismiss within twenty-one days.  Accordingly, the bankruptcy court dismissed Desir's bankruptcy case on March 5, 2025.  (Order Dismissing Case, ECF No. 11-4 at 49–50.)  Desir filed a Motion for Relief from Order of Dismissal, which the bankruptcy court denied.  (Docket 16, 21, ECF No. 11.)  Desir appealed from the bankruptcy court's order denying her motion for relief from the dismissal of her bankruptcy case.  *See* Notice Appeal, *Desir v. U.S. Bank et al.*, 1:25-cv-828-JRS-TAB (S.D. Ind. Apr. 30, 2025).  This Court affirmed the bankruptcy court's order.  Order Affirming Bankruptcy Court's Order, *Desir v. U.S. Bank et al.*, 1:25-cv-828-JRS-TAB (S.D. Ind. Mar. 16, 2026) (ECF No. 23).

## II.    Jurisdiction & Standard of Review

Under 28 U.S.C. § 158(a), the Court has jurisdiction to review "final judgments, orders, and decrees" of the bankruptcy court.  "[T]he concept of finality for purposes of bankruptcy appeals is more flexible" than finality in other civil appeals.  *In re Comdisco, Inc.*, 538 F.3d 647, 651 (7th Cir. 2008).  Even where an order appealed from is interlocutory under this flexible standard, the Court may exercise jurisdiction over the appeal.  28 U.S.C. § 158(a)(3) ("The district courts . . . shall have jurisdiction to hear appeals . . . with leave of the court, from other interlocutory orders and decrees . . .").  Accordingly, the Court may exercise jurisdiction to review the bankruptcy court's order denying a stay pending appeal, assuming, without deciding, that the order is interlocutory.  S*ee also In re Forty-Eight Insulations, Inc.*, 115 F.3d 1294, 1299 (7th Cir. 1997) (concluding that the district court "effectively gave leave" by exercising its jurisdiction to review the bankruptcy court's interlocutory order).

Still, the Court, exercising appellate jurisdiction over decisions of a bankruptcy court, remains limited by Article III of the United States Constitution to adjudicating only "actual controvers[ies]."  *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90–91 (2013) (citation modified) ("We have repeatedly held that an actual controversy must exist . . . through all stages of the litigation.").  Accordingly, the Court lacks jurisdiction over an appeal that is now moot.  *See id.*  Therefore, "[i]f, by virtue of an intervening event," the Court cannot grant Desir "any effectual relief," the Court must dismiss her appeal as moot.  *In re Repository Techs., Inc.*, 601 F.3d 710, 716–17 (7th Cir. 2010) (quoting *Calderon v. Moore*, 518 U.S. 149, 150 (1996)).

5

The Court reviews a bankruptcy court's decision to grant or deny a stay pending appeal for abuse of discretion. *See* Fed. R. Bankr. P. 8007; *In re Forty-Eight Insulations, Inc.*, 115 F.3d at 1301 (observing that, "[a]s is the case with other forms of equitable relief," the decision to deny a stay under the bankruptcy rules is "highly discretionary"); *see also In re Sternitzky*, 638 B.R. 770, 776 (Bankr. W.D. Wis. 2022) ("The decision to grant or deny a stay pending appeal is committed to the discretion of the bankruptcy court."). A bankruptcy court abuses its discretion when "its decision is premised on an incorrect legal principle or a clearly erroneous factual finding, or when the record contains no evidence on which the court rationally could have relied." *In re KMart Corp.*, 381 F.3d 709, 713 (7th Cir. 2004).

### III.    Analysis

Desir's appeal must be dismissed as moot. *See In re Repository Techs., Inc.*, 601 F.3d at 716–17. Desir contests the bankruptcy court's order denying a stay pending resolution of Desir's appeals related to LoanDepot and U.S. Bank's relief from the automatic stay. However, Desir's bankruptcy case was dismissed after she filed this appeal. (*See* Order Dismissing Case, ECF No. 11-4 at 49–50.) Though Desir appealed from the bankruptcy court's order denying her relief from the dismissal, this Court recently affirmed that order. *See* Order Affirming Bankruptcy Court's Order, *Desir v. U.S. Bank et al.*, 1:25-cv-828-JRS-TAB (S.D. Ind. Mar. 16, 2026) (ECF No. 23).

Consequently, despite Desir's arguments to the contrary, there is no longer any case or controversy presented by this appeal because Desir's bankruptcy case has been dismissed. In other words, there is no possible relief this Court could fashion

for Desir on appeal. Even if the Court reversed the bankruptcy court's decision and remanded with instructions to stay proceedings pending Desir's appeals in Cause Nos. 1:25-cv-481-JRS-MG and 1:25-cv-482-JRS-MKK, those remand instructions would be ineffective as there are no longer any bankruptcy proceedings. *See, e.g.,* *Jinka v. Silverline Props., LLC*, No. 2:24-cv-1900-JNW, 2024 WL 4893381, at *2 (W.D. Wash. Nov. 26, 2024) ("In short, an order from this [c]ourt staying the [b]ankruptcy [c]ourt's interlocutory ruling on an automatic stay that has since resolved in a dismissed bankruptcy action would have no effect at all."). Moreover, any dispute about the automatic stay, which Desir contests in those appeals, is moot, as the automatic stay was terminated when Desir's bankruptcy case was dismissed. *See In re Stat. Tabulating Corp.*, 60 F.3d 1286, 1289–90 (7th Cir. 1995) (explaining that dismissal of bankruptcy case moots controversy over lifting the automatic stay because dismissal disposes of the basis for the stay); *In re Sykes*, 554 F. App'x 527, 528 (7th Cir. 2014) ("An unchallenged dismissal of a bankruptcy case moots a dispute about a stay because the stay, to be valid, requires a pending bankruptcy case."); 11 U.S.C. § 362(c)(2)(B) (providing that the automatic stay terminates upon dismissal of the bankruptcy case).

## IV.     Conclusion

For the foregoing reasons, this appeal is **dismissed as moot**.

**SO ORDERED.**

Date: _____3/16/2026_____

_____
JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana

7

Distribution:

PAMELA SUE DESIR
3563 Insignia Court
Indianapolis, IN 46214

Nathan Alexander Dewan
Doyle & Foutty, P.C.
ndewan@doylefoutty.com

Christopher Giacinto
Padgett Law Group
Chris.Giacinto@padgettlawgroup.com

Jessica S. Owens
DOYLE & FOUTTY PC
jowens@doylefoutty.com

8